IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CATEL, INC., Plaintiff, | ) | |
| v. | ) | No. 05-1113C (Judge Firestone) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth, except admits that Catel, Inc. ("Catel") is the plaintiff in this action.

2. Admits that the United States is the defendant in this action. The remaining allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contracts and modifications cited, which are the best evidence of their contents; otherwise denies the remainder of the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the notice to proceed cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 7.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 10. Denies any implication that September 15, 1997 was the final completion date or that no further modifications were issued to revise this completion date.

11. Admits the allegations contained in paragraph 11 that Catel failed to complete the project by September 15, 1997. Denies the remaining allegations contained in paragraph 11.

12. Admits.

13. Denies.

14. Denies.

15. Admits the allegations contained in paragraph 15 to the extent supported by the invoice cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 that defendant declined to pay invoice number 15. Denies any implication that defendant declined to pay invoice number 15 solely because liquidated damages and other assessments exceeded the available contract balance.

17. Admits the allegations contained in paragraph 17 that Catel filed a claim pursuant to the Contract Disputes Act on June 3, 2004 to the extent supported by the claim document cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the claim document cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 18.

19. Admits the allegations contained in paragraph 19 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 constitute plaintiff’s characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

21. Denies that plaintiff is entitled to the relief requested in the “Wherefore” paragraph that follows paragraph 20 of the complaint or any relief whatsoever.

22. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

23. Plaintiff's claims are totally or partially barred by laches.

24. Plaintiff’s claims are totally or partially barred by the absence of any privity of contract.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff’s complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ BRYANT G. SNEE
BRYANT G. SNEE
Assistant Director

s/ PAUL R. WELLONS
PAUL R. WELLONS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 616-8253
Fax: (202) 307-0972

April 14, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 14, 2006, a copy of the foregoing “DEFENDANT’S ANSWER” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ PAUL R. WELLONS