# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CATEL, INC.,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 05-1113C<br>(Judge Sweeney) |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A, Part III, of the Rules of the United States Court of Federal Claims, the parties respectfully submit this Joint Preliminary Status Report.

(a) Does the Court have jurisdiction over the action?

Plaintiff believes that the Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 601 et seq. Defendant is currently unaware of any reason why this Court would generally lack subject matter jurisdiction; however, certain elements of plaintiff's case may be time-barred.

(b) Should the case be consolidated with any other case?

The parties agree that no consolidation with any other case is necessary.

(c) Should trial of liability and damages be bifurcated?

The parties agree that trial of liability and damages should not be bifurcated.

(d) Should further proceedings in this case be deferred pending consideration of another case?

The parties agree that further proceedings should not be deferred pending consideration of another case before this Court or any other tribunal.

(e) Will remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

(f) Will additional parties be joined?

The parties agree that no additional parties will be joined.

(g) Does either party intend to file a Rule 12(b), 12(c), or 56 motion?

Plaintiff does not intend to file a motion pursuant to Rule 12(b), 12(c), or 56 at this time. Defendant intends to investigate the timing of plaintiff's claim to the contracting officer to determine whether all components of the claim were timely. Defendant may file a Rule 12(b) motion to exclude plaintiff's claim for liquidated damages, upon the basis that these are duplicative with its claim for the balance of the contract price. Finally, defendant may file a Rule 12(b) motion to exclude plaintiff's claim for costs it paid to a third party insurance/bonding company, upon the basis that the insurance/bonding company was never in privity with the United States.

(h) What are the relevant factual and legal issues?

Based upon a current review of the case, and without the benefit of discovery, the parties agree that many of the relevant factual and legal issues are set forth in detail in Catel's October 14, 2005 Complaint. Catel entered into a contract with the United States on May 16, 1996, to renovate a recreation center located at the Naval Weapons Station Earle in Colts Neck, New Jersey. The contract price, after all modifications, was $579,045. Catel alleges that it incurred additional costs as a result of Government funding problems, interference, harassment, and delays. On June 3, 2004, Catel submitted a claim to the Government for $529,451. A

contracting officer for the U.S. Navy denied the claim in its entirety by Final Decision dated October 15, 2004. Catel filed suit in this Court on October 17, 2005.

The parties believe the relevant legal issues presented are:

1. whether the Government is responsible for any interference or delay entitling Catel to an equitable adjustment of the contract price;

2. whether Catel is entitled to payment of the balance of the contract price;

3. whether Catel is entitled to remission of the liquidated damages charged against it during the project;

4. whether Catel is entitled to recover from defendant the costs and fees it was charged by the take-over surety;

5. whether Catel is entitled to damages, and, if so, what amount of damages;

6. whether any elements of plaintiff's case are time-barred or barred by laches.

(i) <u>What is the likelihood of settlement and is ADR contemplated?</u>

After a preliminary review of documents and identification of the issues, the parties do not believe that the case is amenable to resolution through any form of ADR. The parties at this time cannot predict the likelihood of settlement.

(j) <u>Do the parties anticipate proceeding to trial?</u>

In the absence of a disposition of the case through pre-trial motions or settlement, the parties anticipate proceeding to trial. No party requests expedited trial scheduling. The parties agree that any trial should take place in or near Newark, New Jersey, the location of the majority of the witnesses who would appear at trial.

(k) <u>Are there special issues regarding electronic case management needs?</u>

The parties agree that there are no special issues regarding ECF management needs.

(l) Is there other information of which the Court should be aware at this time?

With respect to discovery, the parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. Defendant has already produced the contract files to plaintiff. The parties propose the following discovery plan:

| | Completion Date |
|---|---|
| Document Requests, Interrogatories, Requests for Admission, and all responses thereto | February 28, 2007 |
| Fact Witness Depositions | April 30, 2007 |

Expert Depositions: the parties do not anticipate the need for experts at this time. However, if either party later intends to call one or more expert witnesses at trial, the parties shall identify these witnesses by February 28, 2007, and complete depositions of these witnesses by May 30, 2007.

Respectfully submitted,

s/ Marc Lamer
MARC LAMER
Kostos and Lamer, P. C.
1608 Walnut Street
Suite 1300
Philadelphia, PA 19103
Tel: (215) 545-0570

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Gregg M. Schwind
GREGG M. SCHWIND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: (202) 353-2345
Fax: (202) 514-8624

Attorneys for Defendant

June 27, 2006